SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**CHRISTOPHER CARDANI, MASB #550609**
Assistant United States Attorney
Christopher.Cardani@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **3:26-cr-00035-AN** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **JESSICA D. ALIRES,** | |
| **Defendant.** | |

## I. INTRODUCTION

Defendant Jessica Alires worked for the U.S. Postal Service as a Sales and Distribution Associate. At the time of her offense, she worked in the post office in Wheeler, Oregon. She was trusted to serve the public by receiving money from customers who wanted to purchase postal money orders. In late 2024 she began stealing money from the post office and its customers. She was eventually caught and terminated. She agreed to plead guilty to a felony offense covering her various thefts. As she admitted in her plea agreement:

> Defendant was an employee of the U.S. Postal Service in Wheeler, Oregon. From September 2024 through December 2024, she engaged in schemes which caused financial losses to the U.S.

Postal Service. These schemes included issuing money orders for paying customers, but reporting the money orders as voided in U.S. Postal Service electronic reporting systems, then reissuing the money orders which she would take for herself. A second scheme included issuing herself a money order for which she remitted no funds, and at the close of the business day reporting false cash and electronic funds payments (debit/credit) to cover the cost of the money order she issued with no funds. The money orders were deposited into her own bank account, so she unlawfully obtained funds.

Defendant also stole a credit card from the mail and made an unauthorized $500 charge to purchase a money order. Defendant also stole mail containing a letter with $200 cash in it.

When interviewed by agents, defendant admitted the money order schemes and that she stole the credit card from the mail and used it to make a $500 charge.

The presentence report accurately calculates the pertinent Sentencing Guidelines, resulting in an advisory range of 0-6 months (Zone A). Consistent with the terms of the plea agreement, the government recommends a low-end sentence of probation, and a requirement that defendant pay restitution in the amount of $13,053.77.

## II. STATEMENT OF FACTS

As chronicled in the presentence report (PSR) defendant used different methods to steal money. One was a money order scheme whereby she took money from customers who purchased money orders, but then voided those money orders and reissued them to herself. She did this twenty-two times. PSR ¶14-20. In addition, due to her manipulation of the records in reporting customer deposits, the post office lost more money. PSR ¶19. The total loss to the post office is $12,353.77. Defendant also defrauded Wells Fargo Bank by using a stolen credit card to purchase a $500 money order issued to herself. PSR ¶21. Lastly, defendant Alires stole $200 in cash that a customer had placed in the mail. PSR ¶22. The total loss due to defendant's thefts is $13,053.77. PSR ¶23.

When confronted with allegations that she was stealing funds, defendant eventually admitted most of the thefts. PSR ¶24-26.

## III. THE PLEA AGREEMENT & PRESENTENCE REPORT

Defendant plead guilty before this Court to one count of violating 18 U.S.C.§ 1711 (Misappropriation of Postal Funds). In the plea agreement, the parties agreed to the application of certain guidelines. The PSR writer concurred with those calculations (PSR ¶31-39), as summarized below:

| Description | Offense Level | Guideline Section |
|---|---|---|
| Base Offense Level | 6 | USSG §2B1.1(a)(2) |
| Loss | +2 | USSG §2B1.1(b)(1) |
| Abuse of public trust | +2 | USSG §3B1.3(b) |
| Acceptance | -2 | USSG §3E1.1(a) |
| Zero-point offender | -2 | USSG §4C1.1 |
| **Total:** | **6** | |

As defendant has no criminal history, she has a Criminal History Category of I. This results in an advisory guideline range of 0-6 months. She is subject to a term of probation of up to five years. PSR ¶82.

The government agreed to recommend a sentence at the low end of the guideline range. Here, that is no incarceration. Probation is recommending that the Court impose three years of probation. The defense echoes that recommendation in their sentencing memorandum. ECF 16. The government concurs.

## IV. PROBATION IS SUFFICIENT SO LONG AS DEFENDANT IS ORDERED TO PAY FULL RESTITUTION

Defendant's conduct was reprehensible. She was the face of the United States Post Office in a rural section of Oregon, where people go to buy money orders and obtain other taxpayer-supported postal services. She was given fiscal responsibilities to accept cash for the money orders and other services. She repeatedly abused that trust by stealing from her employer, a bank, and a customer. Her greed harms the integrity of the government, and particularly the postal system. While it is true that defendant has had no known previous interaction with the criminal justice system, that does not negate the institutional impact of her conduct.

Yet, given her lack of criminal history, confession, lack of aggravating circumstances beyond the crime at hand, and agreement to pay full restitution, incarceration does not appear necessary to accomplish the goals of sentencing. Defendant will be a felon, and thus unable to be employed again by the post office. She will thus not have another opportunity to steal from those trusting the post office with their money. And, as discussed below, the Court should agree with probation that her employment while on probation be monitored by her officer.

## V. RESTITUTION

The parties and probation agree that defendant Alires must pay $13,053.77 in restitution. While in her sentencing materials defendant objects to the language for restitution, the Court should order her to pay the amounts identified in paragraph 89 of the PSR. The recipients and amounts are:

/ / / /

/ / / /

| Recipient | Amount |
|---|---|
| United States Postal Service | $12,353.77 |
| Wells Fargo Bank | $500.00 |
| AV 1 | $200.00[1] |

## VI. DEFENSE OBJECTIONS TO THE PRESENTENCE REPORT

Mandatory Condition ##5 & 6; Restitution – Defendant objects to the statutory cites in probation's recommended conditions of supervision in paragraphs 5 and 6. Yet, it does not appear she is objecting to a restitution order. Nor could she. One of the listed statutes is 18 U.S.C.§ 3663A. Under this statute, known as the Mandatory Victims Restitution Act (MVRA), defendants convicted for crimes involving fraud or deceit **must** pay restitution to victims. 18 U.S.C. § 3663A(a)(1) and (c)(1)(A)(ii). See *United States v. Criscione*, 260 Fed. Appx. 977, 979 (9th Cir. 2007). Moreover, defendant agreed in her plea agreement (ECF 10) in paragraph 15 that the Court should order restitution in the full amount of $13,053.77.

Special Condition #5 - Mandatory Medication Adherence – This recommended condition states that defendant "must take all mental health medications that are prescribed by [her] treating physician." Defendant objects, arguing that Ninth Circuit cases require the Court to make medically-grounded findings that court-ordered medication is necessary and involve no greater deprivation of liberty than is reasonably necessary. (Defense sentencing memo at 6).

In response to this objection, the PSR writer states that during the presentence interview "defendant provided information regarding her mental and emotional health, involvement in therapy, and prescribed psychotropic medications for her diagnosed mental health conditions." While such statements appear to provide a reasonable basis for the condition, the government is

[1] AV1's identity is known to the government and will be provided to the Clerk's Office for purposes of administering restitution.

not privy to the details of defendant's interview with probation. Without access to this information, the government cannot weigh in on the propriety of this special condition beyond what is contained in the PSR. Based on the objection and case law, however, it does appear that some form of additional inquiry is appropriate at or before sentencing to determine whether this term is warranted.

Special Condition #6 – Employment - Probation recommends that defendant receive prior approval from her officer before starting a new job. Defendant objects, arguing there is an insufficient connection to her crime and this condition, and that more is needed before imposition of this condition. In support, defendant offers the case of *United States v. Betts*, 511 F.3d 872, 875 (9th Cir. 2007). Yet, that case actually supports the recommended condition.

In *Betts*, defendant worked for a credit reporting agency, and took bribes to falsely improve people's credit scores. He pleaded guilty to conspiracy. As part of his sentence, the court imposed an employment condition that: "the defendant shall not be employed in any capacity wherein he has custody, control, or management, of his employer's funds, lines of credit, or any similar sources of monies." *Id*. at 874. Betts argued on appeal that this was unreasonable because his crime did not involve stealing from his employer, that it unduly restricted his employability, and that the sentencing judge made insufficient findings that the condition was necessary to protect the public. *Id*. On appeal, the Ninth Circuit concluded that the law and sentencing guidelines properly allowed the lower court to restrict Bett's employment. Quoting from the Sentencing Guidelines, the Court wrote: such a restriction is permissible so long as the sentencing judge finds that the employment condition is "reasonably necessary to protect the public because there is reason to believe that, absent such a restriction,

the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted." *Id*. at 875. The Court continued: "The public is entitled to be protected against crimes flowing from the same character trait demonstrated by the crime. Betts was a dishonest employee who betrayed his employer." *Id*.

Applying this same provision to the present case, probation's recommendation is eminently reasonable. Like Betts, defendant Alire's crimes reflected a massive abuse of the fiduciary trust placed on her by her employer. As she has admitted, defendant stole not only from her employer, but also from the public. Probation has a duty to protect the public. In this case, that includes assessing whether any type of proposed employment would endanger the public or her employer. As noted in the PSR, the condition is "necessary to provide adequate oversight and structure for the defendant while on supervision and for the protection of the public. It is directly related to her documented prior conduct and only involves deprivations of liberty as are reasonably necessary to accomplish the purposes of sentencing…." The government agrees.

It is also worth noting that defendant has had a sporadic job history with the postal service. As noted in law enforcement reports, defendant Alires on three prior occasions was offered employment by different Post Offices in rural Oregon (Roseburg in July 2023; Tillamook in October 2023 and Wheeler in June 2024). She accepted all of these offers, but later declined them. Soon after rescinding her acceptance of the June 2024 offer, she accepted a new offer from the Wheeler Post Office, and soon thereafter began stealing funds from the post office, and from the public.

Given the circumstances of her offense and her background, the recommended condition is reasonably necessary to protect the public. During the course of her probation, defendant's

employment should be reviewed by probation so she cannot be allowed to reoffend. The Court should make a finding that this proposed condition is reasonable.

## VII. CONCLUSION

The Court should sentence defendant to three years of probation, subject to the conditions in Probation's Sentencing Recommendation, and order her to pay a $100 special assessment, and $13,053.77 in restitution.

Dated: October 9, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Christopher Cardani*
CHRISTOPHER CARDANI, MASB #550609
Assistant United States Attorney